SPRAGUE (ALLEN v.). See Case No. 238.

SPRAGUE (BLANCHARD v.). See Cases Nos. 1,516–1,518.

## Case No. 13,249.

SPRAGUE et al. v. COCHECO MANUF'G CO.

[10 Blatchf. 173.] [1]

Circuit Court, S. D. New York. Sept. 23, 1872.

CORPORATIONS—TRANSFER OF SHARES—TRUSTEE—BREACH OF TRUST—HOLDER WITHOUT NOTICE.

B., as trustee under a will, held five shares in the stock of a Massachusetts corporation, represented by a certificate issued to him, as "B., trustee," in 1857. In 1863, a court of Massachusetts, in a suit against B., in which he ap-

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

peared, removed him from his trusteeship, and appointed another trustee in his place, and ordered the certificates of stock of the trust estate to be delivered and assigned by B. to the new trustee, and, in default thereof, the assignment of the shares to be made by a master. The master assigned the five shares to the new trustee, who exhibited the assignment to the corporation, and demanded a transfer of the shares on its books and a certificate therefor to him. The corporation had notice of the suit, and of the proceedings and decree in it, and paid dividends on the shares to the new trustee. Afterwards, and in 1866, H. obtained from S. a loan of money on a delivery and pledge of the certificate issued to B. It had annexed to it a form of assignment, with no name of an assignee, and a power of attorney to transfer the shares, dated in 1858, and signed, "B., trustee," and witnessed, but with no name of an attorney in it. S. made the loan without notice of the proceedings in Massachusetts, or of any breach of trust by B. Afterwards, S., with the assent of H., inserted his own name, as assignee and attorney, in the power, and presented it to the corporation, and asked for a transfer of the shares to himself, and a certificate therefor. It was refused. S. then sued the corporation to recover the value of the shares: *Held*, that the suit could not be maintained.

[Cited in brief in Harbison v. James, 90 Mo. 414, 2 S. W. 292.]

[This was a suit on the certificates of certain stock by Joseph A. Sprague and others against the Cocheco Manufacturing Company.]

Charles H. Smith, for plaintiffs.
Charles F. Blake, for defendant.

WOODRUFF, Circuit Judge. Edward Belknap was trustee, under the will of John Belknap, late of Boston, in Massachusetts, deceased, and, as such trustee, he held five shares of stock in the Cocheco Manufacturing Company, a corporation created by, and doing business in, Massachusetts, "to be held in trust and managed," with other property, for the purposes in the will of the deceased specified, which were, the appropriation of the income, as directed, until the death of the testator's widow, and then to divide the principal, as also directed.

On the 26th of May, 1859, a suit was commenced by one of the beneficiaries, in the supreme judicial court of Massachusetts, (which court had full power and jurisdiction in the premises,) against the said Edward Belknap, to remove him from the trust for misfeasance therein. In that suit, the said Edward Belknap was represented by counsel, and such proceedings were had therein, that Charles Amory was appointed receiver of the trust estate, pending the suit, and Belknap was enjoined against transferring or assigning the same; and thereafter, on the 23d of February, 1863, a decree was made removing the said Belknap from the office of trustee under the said will, and appointing the said Charles Amory and J. Ingersoll Bowditch trustees in his stead, and directing the said Belknap to assign and transfer the trust estate to the new trustees, and to deliver to them all deeds, mortgages, certificates, &c., relating to the trust estate, and a reference was ordered to a master to

take an account of the trust estate, &c. On the coming in of the master's report, and on the 16th of April, 1864, a final decree was made, ascertaining and fixing the amounts of arrears of income due to certain of the beneficiaries, settling the costs and counsel fees to be paid, and directing the application of the moneys in the hands of the receiver, &c., and ordering, that, in case the said Edward Belknap should neglect or fail to deliver up to the said Amory and Bowditch, the new trustees, the several certificates of corporate stock and mortgages belonging to the trust estate, and assign and transfer the same to them, then the said master in chancery be, and he thereby was, authorized to execute and deliver to the said trustees proper transfers, &c., of said shares and mortgages, so as to vest the property therein in the said trustees. Thereupon, and before the transaction of the 18th of June, 1866, through which the plaintiffs claim to be entitled, the master in chancery executed an assignment of the stock now in question to the new trustees, which was exhibited to the defendant, and a demand was made upon the defendant for the transfer of the stock on the defendant's books, and for a new certificate in the name of such new trustees. Of the pendency of that suit, and of the orders and decrees therein, the defendant had notice, and, during the continuance of the receivership, the dividends declared on the stock were paid to the receiver, and thereafter to the said new trustees.

After all this had taken place, one Raphael, professing to act for the benefit of one Hudson, on the 18th of June, 1866, applied to the plaintiffs in this suit for a loan of two thousand dollars, to be repaid, with interest, in sixty days, proffering, as collateral security, the certificate issued to Edward Belknap, trustee, dated March 9th, 1857, for the said five shares of the capital stock of the defendant, the said certificate having annexed thereto a paper, in the form of an assignment, but without containing the name of any assignee, and with power of attorney to transfer the stock, but without naming or designating, directly or indirectly, any attorney, dated December 20th, 1858, and signed, "Edward Belknap, trustee," and purporting to be attested by a witness. The plaintiffs, having no notice of the proceedings in Massachusetts, and being assured by Raphael that the stock was "genuine stock," and by a person who was the agent of the defendant in New York, in selling its goods, that the certificate was a genuine certificate, and that stock in the defendant's corporation was worth seven or eight hundred dollars a share, and believing such representations, and having no notice of any breach of trust by Belknap, made the said loan, and received from Raphael the certificate, and the paper annexed, signed by Belknap. The plaintiffs, by the assent of Raphael, then filled up the last-named paper, by inserting their own names as assignees, and as attorneys to transfer the stock therein named, and presented it

to the defendant, and demanded a transfer of the said stock, and a new certificate in their own names; when they were informed that the stock was the property of trustees under the said will of John Belknap, and that Edward Belknap had been removed from the trust, and new trustees appointed in his place, and a transfer and new certificate to the plaintiffs was refused. The plaintiffs then, claiming to be so authorized by the said annexed power of attorney, filled up the blank assignment and power printed on the back of the said certificate of stock, and again demanded that it be received and recorded, and a new certificate be issued to the plaintiffs, and the defendant again refused. Whereupon, this action is brought against the defendant, to recover the value of the stock, as damages.

There are some other details given in the case, as agreed upon by counsel, but the foregoing are all that I deem material to the decision I am called upon to make. The defendant rests on the title of the new trustees, at whose request and at whose risk the action is defended. The certificate of stock certifies, that "Edward Belknap, trustee," is proprietor of five shares in the corporate property of the Cocheco Manufacturing Company, "which shares are transferable by assignment on the back hereof, and recorded by the treasurer of said corporation, and, upon delivery of such assignment of said certificate, a new certificate or certificates shall be issued, according to the interest of the parties," and is duly attested under the corporate seal, March 9th, 1857.

A very important question is at once suggested by the case so made: Is the stock of a corporation in the state of Massachusetts so within the power of its courts, (having, so far as the case discloses, all proper parties before them,) that their decree will operate upon the title of the stock, and may transfer it to a third person, notwithstanding the certificate therefor, in the form above stated, is outstanding? I say, with proper parties before it, because Belknap, the holder of the legal title, was a party, and the plaintiffs have not shown the title of any other person acquired, or conjectured to have been acquired, prior to the decree removing him from his trust, and awarding the stock to his successors in the trust. If such stock cannot be reached by the courts, and dealt with as right and justice may demand, it would be interesting to enquire how stock can be attached and be subjected to the payment of the debts of the owner. How can it be reached and appropriated to the payment of judgments recovered, either by taking on execution, or by a proceeding in equity in favor of judgment creditors? How, especially, shall the property of an absconding debtor in stock held by him be reached and applied? After all means have been exhausted, through regular judicial proceedings, is the corporation bound to recognize the title of one who, years afterwards, produces the certificate, with the signature of the former owner, to a blank assignment, and proves that, since such judicial proceedings, he has advanced money on the faith of the certificate? Has the rule, caveat emptor, no application to sales of stock? Have the usages of banks and brokers in New York, (which are certified to me in this case,) to advance money upon, and to buy and sell on the faith of such papers, legal efficiency to make the courts powerless to protect beneficiaries, and to compel payment to creditors, because the holder may succeed in keeping the certificate of stock beyond their reach? I am not prepared to hold that stock in a corporation is not a chattel interest, or that the certificate of stock gives to the stock itself the character of negotiability which belongs to commercial paper under the law merchant.

I do not think it necessary to discuss the questions thus raised at great length, nor is it important to this case, to bring into view, for the purpose of analogy, the various instances in which possession of just such papers may be obtained by fraud or theft, or in which a person may have their possession without the knowledge or consent of the owner, or when, though possession be entrusted to him, he may have no authority in fact to dispose of the stock. Nor, in this case, is it necessary to affirm or deny the other arguments by which the defence herein is sustained. It is sufficient, for the decision of the case, that I should say, that the decree of the court in Massachusetts, and the assignment there made by the master in chancery, is a full protection to the defendant against a claim made by the plaintiffs, under a transfer to them after such decree and assignment, unless they show, that, before such decree, the person from whom they claim, and to whom they advanced their money, had acquired from the former trustee a title which was good as against his successors. This they have not shown. Without, therefore, considering whether the paper signed by the former trustee, which assigned to no one, and which authorized no one to transfer the stock, should, under any, and, if so, what circumstances, be deemed to authorize the holder to fill the blanks, I am satisfied that the plaintiffs have failed to show title to the stock, of any efficiency, as against the new trustees, or as against the defendant, having notice of the decree and proceedings under the same, to invest the new trustees with the title.

The judgment is ordered for the defendant, with costs.

SPRAGUE (HOYT v.). See Case No. 6,810.

SPRAGUE (JACKSON v.). See Case No. 7,148.